Good morning, Your Honors. May it please the Court, my name is Sarah Ogney. I'm here on behalf of Petitioner Fernando Guillen-Gutierrez. I'll keep track of my own time here and I'm going to try to reserve about three minutes for rebuttal. There are two main points I'd like to cover with you in argument this morning. First, you should reverse the determination that my client was convicted of an aggravated felony sufficient to render him removable because the government has not and cannot meet its burden to prove removability by clear and convincing evidence due to the irresolvable conflicts in the conviction documents, some of which are unreliable, and those include the criminal complaint and the plea colloquy. Second, you should not remand to the BIA for a determination on the controlled substance ground of removability. There is no need for that here and that would only further prejudice Mr. Guillen-Gutierrez, who has been detained for nearly four years due to State court convictions for which he would have only served months in jail absent the removal proceedings. Let me ask you a question. If the State court conviction, I take it the dispute is whether or not he was convicted of possession of cocaine or possession of cocaine base, correct? Yes, Your Honor. If he was convicted of possession of cocaine base, would it have, and let's assume that was a clearly established conviction, would he be in the same situation he is in today? No, Your Honor, it would be a bit different. There's a separate California statute, 11351.5, which specifically criminalizes possession for sale or purchase for purposes of sale of cocaine base. And with that statute, the court and the agency would apply the categorical approach rather than the modified categorical approach. Why is that? Because it's not divisible in your view? Correct. And if it applied the categorical approach, then he would, you know, again, we're dealing about possession of cocaine base, didn't it? I'm just interested, why would that not be an aggravated felony? Well, Your Honor, our argument here is that the irresolvable conflict of interest No, I understand your argument. I'm just saying, he was, your argument is we can't tell whether he was convicted of one or the other, and therefore the government can't prove its case. And my question is, what if it was the other? Wouldn't he be exactly in the same situation he's in today? And if by clear and convincing evidence it was the honor, the other, Your Honor, it would be an aggravated felony. Right. So under either, under either reading of the California State court record, he was convicted of an aggravated felony, correct? We would submit that that's not shown by clear and convincing evidence. The charging document is unreliable. That's the document that references cocaine base, because it, my client pleaded to a count that's not referenced in the charging document. He was convicted of a crime with which he was never charged. The plea colloquy itself, which the government submitted to the agency during remanded proceedings, is unreliable because my client never specifically confirmed a factual basis for his plea. Nowhere in the record does he confirm a factual basis for his plea, and Shepard teaches us that that is required. Shepard's holding specifically says that a plea basis is confirmed by the defendant during the plea colloquy. That did not occur here. This case is more like Ruiz Vidal v. Gonzalez, Regasa v. Holder, and Medina Lara v. Holder, where remand would be unnecessary and inappropriate because the government won't be able to develop additional evidence on remand. What do we do with your client's admission that he was convicted of possession of cocaine? And before the State court, Your Honor, or before the immigration judge? Well, before the immigration judge. Does that provide sufficient evidence for the judge to arrive at the conclusion? No, Your Honor. Under Tocatli and under 8 CFR 1240.10c, the immigration judge is bound to ask my client how he responds to the notice to appear. But under 8 CFR 1240.10c, if he concedes removability, which he did not do, he is bound to ask my client how he responds to the notice to appear. But if he did not do so here, the immigration judge would proceed no further. Instead, the immigration judge conducted evidentiary proceedings to see what occurred. I understand. But in considering the evidence, could the immigration judge consider your client's admission, if I can call it that? No, Your Honor. That's not sufficient. But I know it's not sufficient. That's not what I'm asking. I'm asking, could he consider it? In other words, you say you've got a State court record that's not precisely clear. The judge says to your client, in effect, what were you convicted of? He says possession of cocaine. The judge says, okay, that helps clear up the record for me. Can he do that? No, Your Honor, especially not on this record. My client's admission, if you look to the actual text of it, it is basically the immigration judge is asking him what occurred in the State court. In his pro se brief to the BIA, he even said he was convicted of under 11351.5 relating to cocaine base. So it's in the proceedings below where my client was pro se, it's unclear. He was even clearer what he was convicted of, because he was convicted of a crime with which he was never charged. So California has this doctrine of informal amendment to the information. So the fact that the information was different than what the defendant pleaded guilty to and what the minute order reflected, so all of that is consistent. So California doesn't seem to put much weight on the information. So why does that make a difference, do you think? That makes a difference in these proceedings, Your Honor, because the government has the burden to prove by clear and convincing evidence. So it shows he pleaded guilty to the possession for sale of cocaine base, and that's all consistent with the minute order and the like, and with his admission before the IJ. And the only thing that's different is the information, which California doesn't put too much weight on, because they say sand people v. Sandoval, you can make a change in the plea. So why should we put any weight on that? Why does that make a difference if the information was different than what he pled guilty to? If you look to the reliability of the conviction documents, Your Honor, the plea colloquy does not specify a controlled substance involved. The order of probation does not specify a controlled substance involved. Well, the plea colloquy says, as to count three, which is what count three says, it alleges that the 16th day of March 2012, the crime of possession for sale of cocaine in violation of 11351 was committed by Guillen Gutierrez, et cetera. What is your plea? And the defendant says no contest guilty, which is what the minute order reflects. So we have everything correct, as we do in other cases where we say it's reliable. And the only thing that's different is the information, but California says that's not significant. And I believe under Ruiz-Vidal in the recently decided decision, that indicates that you look to the charging document when the defendant specifically confirms that he's pleading to a count in the charging document. So that rule should not... So notwithstanding what he said in open court, and notwithstanding California doctrine that the information can be amended in court, somehow that makes a difference? Well, DECOMP teaches us that statements during plea colloquies by defendants can be inherently unreliable. They're hesitant to rock the boat of a deal that may have been confirmed by the public defender and the state court judge in chambers. They don't want to question what is said. This is further shown by my client. Both no contest and guilty when the order of probation reflects that he possibly meant to plea no contest to a broad divisible controlled substance statute. But is there anything suggesting that he thought he was pleading guilty to cocaine based other than the indictment? I mean, is there anything that actually is confusing here other than the indictment? Yes, Your Honor. The plea colloquy itself, the state court judge appears to possibly read from the criminal complaint. But references a different substance and statute. So anything in the plea colloquy where it talks about 11351, I guess that's .5? Or anything in the minute order? Anything in either of those documents that refer to cocaine base? And the plea colloquy, Your Honor, references 11351, as does the minute order. Okay. So there's nothing that suggests cocaine base in court, correct? Correct. Okay. Thank you. I'd like to save the rest of my time. Thank you. Good morning. Kate DeAngelis for the government. Cases like this involving the intersection of criminal and immigration law tend to be very complicated and interesting and cause a lot of cases to be heard and a lot of jurisprudence. But this case is not one of those cases. Here we have a series of reliable Shepard-compliant conviction documents clearly demonstrating the petitioner was convicted of possession for sale of cocaine, which is a federally controlled substance. Specifically, the record contains, as we've already noted, the plea colloquy, wherein the defendant explicitly pleads guilty to this specific cocaine offense. We also have the minute order, as we've already talked about. And we also have a probation order, all which indicate that the defendant was convicted of possession for sale of cocaine. It's not entirely clear, since you had a remand to get additional information. Well, the remand was to add the plea colloquy, which is really definitive in this case. Let me ask the question I asked your opponent. Let's assume that I looked at this record and said, I can't tell which of the two he was convicted of, contrary to the argument you're making now. Just assume that for a second. Does it make a difference? I don't believe it does make a difference. He's removable both as an aggravated felon and on a controlled substance offense. Both cocaine base and cocaine are in the federal schedules as a controlled substance. There's really no question that he is removable under both of those grounds, whether it's cocaine base or cocaine. So, no, I don't believe that there's a distinction. Is there any case law that deals with that sort of circumstance where you can't tell from the state court record whether somebody is convicted of one removable offense or another? Are you sure it was one of the two? Well, there's ample cases that have been cited in the opening brief where there is a little bit of not clarity between in-clarity or, I don't know what was it, that three word, where you might need to look back to the charging document, for example, to get the actual conviction. But this isn't one of those cases. I was asking about a different thing. I'm trying to make my own job easy, which is that if you could cite me a case that said if the record is unclear but it's quite clear that both offenses were removable, you don't need to worry about it. I just haven't found such a case. I don't know of any. I didn't particularly research that issue because we do believe here that the record is clear. So I could go on, but if there are no further questions, I don't need to. We'll give you your three minutes. Thank you, Your Honor. I appreciate the time. To just reply, these documents aren't fully Shepard-compliant. The plea colloquy contains no information that my client confirmed a factual basis sufficient to show he was involved in the crime. That calls into question the entire plea colloquy under Shepard. Under the Controlled Substances Act, cocaine and cocaine base are sentenced differently for crimes of possession with intent to distribute. The Supreme Court has specifically addressed in DePierre what the definition of cocaine base is. What did your client plead guilty to in your view? Sorry, excuse me? What did your client plead guilty to in your view? Obviously, your client pled guilty to something in state court. What do you think he pled guilty to? Yes, Your Honor. In state court, I believe what my client may have been trying to do, as indicated by the order of probation, was to plead guilty to a broad divisible controlled substance offense or offenses under 11351 and 11366.5 without identifying the specific controlled substance involved. What evidence of that is there other than the probation order? The order of probation and the minute order, which actually references no controlled substance and the lack of factual basis in the plea colloquy itself. If he had been intending to do so without identifying the controlled substance involved, that would make him non-removable because California law criminalizes a whole host of substances that are not criminalized under federal law. Judge Hurwitz, as you indicated, 50-50 here is not clear and convincing. If it's one removable offense or another, the government still has the burden to prove by clear and convincing evidence that my client is removable. Well, but that's my question. Let's assume that I regard this as clear and convincing evidence that your client either pled guilty to .1 or .5. Why isn't that clear and convincing evidence that he's removable? Well, the proceedings below indicate the confusion here. I know, but now you're changing my hypothetical. Let's assume that I think the evidence is clear and convincing that he either pled guilty to possession of cocaine or a possession of cocaine base, but I can't tell which. Why isn't that clear and convincing evidence that he's removable since both crimes would make him removable? Because, Your Honor, there's not clear and convincing evidence as to the controlled substance involved, and the conviction documents that you're using to try and surmise that evidence, half of them are unreliable. You're not going to buy my hypothetical, are you? My questions are the same one I asked your opponent, which is let's assume that I'm clear that he was convicted of a removable offense, but I can't tell which one. What does the law tell me under those circumstances? And we would submit that it tells you that's not clear and convincing evidence. Judge Merguia's dissent in Kaban Talk indicates that the clarity and certainty of the decisions in this area of the law, and I see my time is up, if I might finish, are sometimes more important than the rules announced by the decisions themselves. So defendants and potentially removable lawful permanent residents can understand how to conform their conduct to the law in plea negotiations. Thank you for the time this morning. Thank you, counsel, and thank you and your firm for the pro bono representation of this client. And thank you for coming out from D.C. for this. Case just heard will be submitted for decision.
judges: Thomas, Ikuta, Hurwitz